(§ 24, subd. 1.) Consequently, such a corporation, after exercising the power of eminent domain, might at any time shake off all the safeguards which the Constitution requires as a condition of the exercise of that power by the simple expedient of relinquishing the benefit of tax exemption. I cannot believe that these salutary provisions of the Constitution are satisfied by restrictions from which the corporation may escape at will. Nor, in my opinion, would regulation of these activities of the corporation, though for twenty-five years, constitute compliance with the Constitution. It is the corporation, not the project, which under the Constitution must be regulated in the manner prescribed and since it provides no limitation in point of time it necessarily follows that regulation must continue throughout the existence of the corporation.

The effect of this deviation from the requirements of the Constitution may assume an importance in the future which it may not seem to have today. The time may come when rentals shall increase beyond the levels specified in the contract between the corporation and the city of New York. If that occurs after the expiration of twenty-five years the restrictions specified in the Constitution will be nullified. If it shall occur before, then it may be to the advantage of the corporation to renounce the tax exemption, relieve itself from the limitations imposed by statute and the contract, demand as much rent as it can earn and even alienate property acquired by condemnation almost as freely as if the restraints required by the Constitution had never been imposed. I do not consider that such a result was intended by these provisions of the Constitution.

The respondents seek to justify these provisions of the statute on the ground that the restrictions will endure as long as the corporation enjoys the benefit of tax exemption. The Constitution, however, does not imply that regulation of the corporation may be thus conditioned or limited. It creates no connection between the power of eminent domain and the right of tax exemption. Tax exemption may be granted and the power of eminent domain withheld or, conversely, the power of eminent domain may be granted and exemption from taxation may be withheld. The relation which the Constitution creates is between the power of eminent domain and regulation of the rents, profits, dividends and disposition of the property of the corporation by which that power shall be exercised. That is the price specified to be paid for a power which is not ordinarily delegated to private corporations operated for private profit. Since it is sought to be exercised in acquiring the plaintiffs' property without fulfilment of the conditions which the Constitution has prescribed as indispensable, an injunction against the violation of the plaintiffs' rights should be granted.

The order should be reversed and the relief demanded in the petition granted.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, against WILLIAM S. MILLER et al., Constituting the Tax Commission of the City of New York, Respondents. (Tax Year 1941-1942.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANSION ESTATES, INC., Appellant, against JAMES J. SEXTON et al., Constituting the Tax Commission of the City of New York, Respondents. (Tax Year 1933.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANSION ESTATES, INC., Appellant, against JAMES J. SEXTON et al., Constituting the Tax Commission of the City of New York, Respondents. (Tax Year 1932.)

Settle order on notice. Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.

ADOLPH C. KIENDL, as Trustee under Indenture dated April 1, 1939, Respondent, v. PRUDENCE REALIZATION CORPORATION, Appellant-Respondent, REALTY ASSOCIATES SECURITIES CORPORATION et al., Defendants, and CITY BANK FARMERS TRUST COMPANY et al., as Trustees under the Will of BLANCHE P. TAYLOR, Respondents-Appellants.—

Settle order on notice. Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS BLEIGHT, Appellant.—

Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.; Martin, P. J., and Townley, J., dissent and vote to affirm.

STEPHEN CALLAGHAN et al., as Trustees of PRUDENCE COMPANY, INC., Respondents, v. FRANK BAILEY et al., Defendants, and RAYMOND E. JONES et al., Defendants-Appellants.—

No opinion. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ. [179 Misc. 673.]

1035 FIFTH AVENUE CORPORATION, Respondent-Appellant, v. CAROLYN TRIPPE, Appellant-Respondent.—

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.

AUGUSTA J. HART et al., Appellants, v. SAMUEL M. MORGENSTERN et al., Respondents, et al., Defendants.— No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.; Martin, P. J., dissents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDEM BUILDING CO., INC., Appellant, against WILLIAM S. MILLER et al., Constituting the Tax Commission of the City of New York, Respondents.— No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK TRUST COMPANY, as Trustee, Appellant, against WILLIAM S. MILLER et al., Constituting the Tax